UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

THOMAS OSTRANDER, JR.,                                    **REPORT AND**
                                                          **RECOMMENDATION**

                                    Plaintiff,            10-CV-00217(A)(M)

v.

PCB PIEZOTRONICS, INC.,

                                    Defendant.
_____

             This case has been referred to me by Hon. Richard J. Arcara for supervision of

pretrial proceedings [6].[1]  For the following reasons, I recommend that the case be dismissed,

with prejudice, due to plaintiff's willful violation of my discovery orders.


                                    **BACKGROUND**

             Plaintiff commenced this action in March 2010, seeking damages for alleged

violations of the Americans With Disabilities Act of 1990, 42 U.S.C. §12101 *et seq*. (Complaint

[1]). Although he was initially represented by James Hartt, Esq., Mr. Hartt's motion to withdraw

as plaintiff's attorney [14] was granted on February 14, 2011 [21], and plaintiff has proceeded

*pro se* since that time.

             On April 23, 2011 defendant served plaintiff with interrogatories [25] and a

request for production of documents [26]. On July 5, 2011 defendant moved to compel responses

to its discovery demands [31]. By Text Order dated July 6, 2011 [33], I required plaintiff to

respond to that motion by July 26, 2011.  On July 26, 2011, plaintiff moved for appointment of

---

             [1]           Bracketed references are to CM-ECF docket entries.

counsel [34].  A conference was held concerning that motion on August 10, 2011 [37].  By Text

Order issued that same day, I denied plaintiff's motion for appointment of counsel, and further

stated that "the parties shall confer in an attempt to resolve defendant's motion to compel.  If the

parties are unable to resolve the motion, plaintiff's response to defendant's motion to compel

shall be served and filed by August 19, 2011" [38].

   Plaintiff did not respond to that motion. Following oral argument on August 24,

2011 [40], by Text Order dated August 25, 2011 [41] I granted defendant's unopposed motion to

compel, and further stated that "as agreed by the parties during today's telephonic conference,

plaintiff shall file and serve his responses to defendant's pending discovery requests . . . by

September 2, 2011".[2]  When plaintiff failed to respond by the agreed (and ordered) deadline of

September 2, 2011, defendant filed a second motion to compel on September 16, 2011 [42].

   On September 19, 2011, plaintiff filed a response to that motion, in which he

apologized for his delay in responding and stated "rest assured I will have the requested

information for the defendant in the mail on or by September 20, 2011" [45].  By Text Order

dated September 20, 2011 [46], I stated that, based on plaintiff's representation, he "shall file and

serve his responses to defendant's pending discovery requests . . . by  September 27, 2011.

Plaintiff's failure to comply with this Order may result in sanctions, including dismissal of the

case."

   Plaintiff served his discovery responses on September 23, 2011 [48].  On

September 28, 2011, defendant filed a third motion to compel [49], arguing that plaintiff's

---

[2]  My August 25 Text Order erroneously referred to "today's telephonic conference",
which had actually occurred on August 24.

discovery responses were incomplete.  By Text Order dated September 28, 2011 [53], I required

plaintiff to respond to that motion by October 14, 2011, and scheduled oral argument for October

27, 2011.

Plaintiff failed to respond to that motion or to appear or participate at oral

argument on October 27, and my chambers was unable to contact him at the telephone number

which he had provided [54].  Therefore, by Text Order dated October 28, 2011 [55], I granted the

motion to compel as unopposed, and further ordered that "plaintiff shall fully respond to

interrogatories 1 and 6 of defendant's first set of interrogatories and requests 2, 3, and 4 of

defendant's first demand for production of documents by November 28, 2011, failing which I

will recommend to Judge Arcara that the case be dismissed, with prejudice".

On November 25, 2011, plaintiff served his responses [56].  Responding to

defendant's document request 2 (which requested "your federal income tax - W-2 forms for 2009

and 2010 and all subsequent years upon their receipt"), plaintiff stated "this question is not being

answered due to being privileged information . . .".  Responding to document request 3 (which

requested "all wage statements and other documents showing income to date for all sources for

2011"), plaintiff stated "[t]his question is still burdensome, as I do not keep paystubs from every

week of the year, and as I am still employed with the same employer that I have been since

September of 2010, the defendant requested copies of my paystub, and I have not gotten any

raises or bonuses and still am paid the same amount every week since my first week of

employment with my current company".

Following a telephonic status conference on December 7, 2011 [57], that same day I issued another Text Order [58] requiring plaintiff to "explain in writing why his responses to document requests ##2 and 3 . . . complied with my October 28, 2011 Text Order requiring him to 'fully respond' to these requests".

In his response dated December 14, 2011 [60], plaintiff stated "the documents that the defendant wants me to produce are personal pieces of information, and are part of my federal tax return and are privileged due to this.  I just simply do not want my tax information to be scanned into the system so it is available on the internet.  I would gladly produce the original documents for the defendant and their representative to inspect in person and any time if this would suit them".

He further questioned my impartiality: "recently I have learned via the internet that you, Jeremiah McCarthy, in the past worked with the defendant's representative at the same law firm. Why was I not notified of this?  I don't understand why this would not be mentioned before any proceedings began. I am not accusing you sir of any wrong doing, but just being a co-worker with the defendant's attorney brings questions to any reasonable expectations of fairness, and unbiased decisions in general." Id.

A further conference was held on February 8, 2012 [62] to consider plaintiff's alleged reasons for failing to fully respond to defendant's discovery demands.

## ANALYSIS

**A.      The Consequences of My Former Partnership at Phillips Lytle LLP**

As I advised plaintiff at the February 8 conference [62], I had told his attorney at an early stage of this action that prior to taking the bench in February 2007, I had  been a partner at the law firm of Phillips Lytle LLP, which represents defendant in this action.

However, even if I had not done so, my former partnership in that firm does not prevent me from acting as the Magistrate Judge in this case. "[A]ssuming that a judge is no longer receiving financial payment from a former law firm, a two-year recusal period is generally reasonable." Draper v. Reynolds  369 F.3d 1270, 1281 n. 18 (11th Cir.) cert. denied, 543 U.S. 988 (2004) (*citing* Guide to Judiciary Policies and Procedures, Vol. II, Ch. V, Compendium § 3.3–1(b) (2003)). *See also* Valley v. Rapides Parish School Board, 992 F.Supp. 848, 851 (W.D.La. 1998) ("Allegations regarding the former partnership between the [judge] and [counsel] are also insufficient. No allegations have been made that in private practice, the [judge] served as a lawyer in the matter in controversy or that a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter").

**B.      The Consequences of Plaintiff's Failure to Obey My Discovery Orders**

"All litigants, including *pro ses*, have an obligation to comply with court orders . . ., and failure to comply may result in sanctions, including dismissal with prejudice." Agiwal v. Mid Island Mortgage Corp., 555 F.3d 298, 302 (2d Cir. 2009); Banton v. Schuck  2010 WL 547403, *2 (W.D.N.Y. 2010) (Arcara, J./McCarthy, M.J.).

In determining whether dismissal is warranted in this case, I must consider the following factors: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance." Id. Accordingly, each of these factors will be addressed:

### 1.    Willfulness or the Reason for Noncompliance

Plaintiff has no valid reason for failing to obey my orders. Having assured me that he would "have the requested information for the defendant in the mail on or by September 20, 2011" [45], he had no basis for later refusing to produce the documents. See Star Direct Telecom, Inc. v. Global Crossing Bandwidth, Inc., 272 F.R.D. 350, 359 (W.D.N.Y. 2011) (Payson, M.J.) ("having represented in its discovery response that it would produce all relevant responsive documents and information, Global Crossing may not now argue that to do so would be unjustly burdensome").

Furthermore, by failing to timely object to defendant's requests, plaintiff had long since waived any objection that his tax returns were privileged or that production of his pay records was unduly burdensome. "[F]ailure to respond or object to a discovery request in a timely manner waives any objection which may have been available . . . . [T]he court need not determine whether Defendants have made the requisite showing of compelling need [for tax returns] as Plaintiff's failure to serve timely objections to Defendants' Document Requests

waives the objection." Land Ocean Logistics, Inc. v. Aqua Gulf Corp., 181 F.R.D. 229, 236, 239

(W.D.N.Y. 1998) (Foschio, M.J.).


      **2.**      **The Efficacy of Lesser Sanctions**

      Although dismissal is obviously a severe sanction, plaintiff's history of willful

recalcitrance convinces me that a lesser sanction would not be adequate. *See* Samman v.

Conyers, 231 F.R.D. 163, 166 (S.D.N.Y. 2005) ("this court finds that lesser sanctions . . . would

be ineffective in motivating Plaintiff to advance this litigation. First, Plaintiff is a *pro se* litigant

of apparently modest means and monetary sanctions are unlikely to be effective. Second,

numerous extensions of discovery deadlines and explicit warnings that dismissal would result

from failure to advance his case . . . have been ineffective in motivating plaintiff to comply with

this Court's orders").


      **3.**      **The Duration of the Period of Noncompliance**

      Plaintiff's responses to defendant' discovery demands were originally due in late

May 2011. Notwithstanding several extensions, three motions to compel [31, 42, 49], and three

orders directing him to comply [41, 46, 55], plaintiff's November 25 and December 14, 2011

responses [56, 60] were *still* inadequate.

4.      **Whether the Plaintiff Had Been Warned of the Consequences of Noncompliance.**

I warned plaintiff on September 20, 2011 [46] and again on October 29, 2011 [55] that his continued failure to comply with my orders could lead to the dismissal of his case. Those warnings seem to have fallen on deaf ears - and for that reason, I am unmoved by plaintiff's 11th-hour offer to finally produce his tax returns [60].

"[P]laintiff's hopelessly belated compliance should not be accorded great weight. Any other conclusion would encourage dilatory tactics, and compliance with discovery orders would come only when the backs of counsel and the litigants were against the wall." Cine Forty–Second St. Theatre Corp. v. Allied Artists Pictures Corp., 602 F.2d 1062, 1068 (2d Cir. 1979). "[I]f parties are allowed to flout their obligations, choosing to wait to make a response until a trial court has lost patience with them, the effect will be to embroil trial judges in day-to-day supervision of discovery, a result directly contrary to the overall scheme of the federal discovery rules." Id.

**CONCLUSION**

For these reasons, I recommend that plaintiff's Complaint be dismissed, with prejudice. Unless otherwise ordered by Judge Arcara, any objections to this Report and Recommendation must be filed with the clerk of this court by April 23, 2012 (applying the time frames set forth in Fed. R. Civ. P. ("Rules") 6(a)(1)(C), 6(d), and 72(b)(2)). Any requests for extension of this deadline must be made to Judge Arcara.  A party who "fails to object timely . . .

waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F.

2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

       Moreover, the district judge will ordinarily refuse to consider *de novo* arguments,

case law and/or evidentiary material which could have been, but were not, presented to the

magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal

Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

       The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local

Rules of Civil Procedure, written objections shall "specifically identify the portions of the

proposed findings and recommendations to which objection is made and the basis for each

objection . . . supported by legal authority", and must include "a written statement either certifying

that the objections do not raise new legal/factual arguments, or identifying the new arguments and

explaining why they were not raised to the Magistrate Judge".  Failure to comply with these

provisions may result in the district judge's refusal to consider the objections.

Dated: April 5, 2012

                    /s/ Jeremiah J. McCarthy
                    JEREMIAH J. MCCARTHY
                    United States Magistrate Judge