UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

THOMAS OSTRANDER, JR.,

                Plaintiff,

     v.                                          DECISION AND ORDER
                                                          10-CV–217

PCB PIEZOTRONICS, INC.,
                Defendant.

---

## INTRODUCTION

The instant employment discrimination case was referred to Magistrate Judge Jeremiah J. McCarthy for supervision of all pretrial proceedings. Magistrate Judge McCarthy issued a Report and Recommendation recommending that plaintiff's complaint be dismissed in its entirety, with prejudice, as a result of plaintiff's willful failure to comply with the Magistrate Judge's discovery orders. For the following reasons, Magistrate Judge McCarthy's recommendation is adopted in part and denied in part. Plaintiff shall be allowed to proceed with his claims, however plaintiff will be sanctioned for his failure to comply with the Magistrate Judge's orders pursuant to Federal Rule of Civil Procedure 37 in that he will be precluded from seeking damages in the form of back pay or front pay.

## BACKGROUND AND RELEVANT FACTS

Plaintiff Thomas Ostrander ("plaintiff" or "Ostrander") seeks damages

against his former employer, defendant PCB Piezotronics, Inc. ("defendant" or "PCB") for alleged violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*. Plaintiff commenced employment with PCB in April 2008 as a Programming Manufacturing Engineer. During his employment, plaintiff requested a disability accommodation in the form of a quiet work area. Ostrander alleges that he was refused such an accommodation, and that his fellow employees harassed him on the basis of his disability. PCB terminated plaintiff's employment on March 18, 2009. Shortly thereafter plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC"). He received his right to sue letter in December of 2009.

Ostrander seeks damages in the form of back pay and front pay, punitive damages, attorney's fees, and compensatory damages which include medical expenses, reimbursement for job search expenses, and emotional pain and suffering. Ostrander was initially represented by attorney James Hartt. Hartt's motion to withdraw as plaintiff's attorney was granted on February 14, 2011, at which time plaintiff began proceeding *pro se.*

In April 2011, PCB served Ostrander with interrogatories and a request for production of documents. Defendant later moved to compel responses to its discovery demands. Magistrate Judge McCarthy ordered plaintiff to respond by July 26, 2011. In lieu of responding, plaintiff moved for appointment of counsel. The Magistrate Judge denied the request to appoint counsel and instructed the

parties to resolve the motion to compel.  The Magistrate Judge ordered that if the parties were unable to resolve the motion to compel, plaintiff's responses to defendant's motion would be due on August 19, 2011.

Ostrander failed to respond as directed.  On August 25, 2011, the Magistrate Judge granted defendant's motion to compel and required plaintiff to respond by September 2, 2011.  Plaintiff again failed to respond and defendant filed a second motion to compel on September 16, 2011.  Plaintiff responded to the second motion, stating that he would have "the requested information for the defendant in the mail on or by September 20, 2011." (Dkt. No. 45)  On September 20, 2011, Magistrate Judge McCarthy ordered plaintiff to respond by September 27, 2011 and stated "[p]laintiff's failure to comply with this Order may result in sanctions, including dismissal of the case." (Dkt. No. 46)

Plaintiff served responses in compliance with the Court's order on September 23, 2011.  However, those responses were incomplete and caused defendant to file a third motion to compel.  Magistrate Judge McCarthy ordered plaintiff to respond to the third motion to compel by October 14, 2011.  Oral argument was scheduled for October 27, 2011.  Ostrander did not respond to the motion or appear for oral argument.  On October 28, 2011, the Magistrate Judge ordered plaintiff to fully respond to defendant's discovery request by November 28, 2011.  He warned that failure to do so could result in dismissal with prejudice.

Plaintiff responded on November 25, 2011.  As to defendant's document

request #2, which sought plaintiff's federal income tax and W-2 forms from 2009 and 2010 and all subsequent years, Ostrander stated "this question is not being answered due to being privileged information." As to defendant's document request #3, which sought plaintiff's wage statements and other income statements from 2011, Ostrander stated "[t]his question is still burdensome, as I do not keep paystubs from every week of the year, and as I am still employed with the same employer that I have been since September of 2010, the defendant requests copies of my paystubs, and I have not gotten any raises or bonuses and still am paid the same amount every week since my first week of employment with current company."

On December 7, 2011, Magistrate Judge McCarthy ordered plaintiff to "explain in writing why his responses to document requests ##2 and 3...complied with [the] October 28, 2011 Text Order requiring him to 'fully respond' to these requests." Plaintiff responded that the documents requested were "personal pieces of information" he did not want on the internet. Plaintiff stated that he "would gladly produce the original documents for the defendant and their representative to inspect in person at any time if this would suit them."

Magistrate Judge McCarthy then issued a Report and Recommendation recommending that plaintiff's complaint be dismissed, in its entirety and with prejudice, based upon plaintiff's willful violations of the Magistrate Judge's discovery orders. Plaintiff filed objections to the Report and Recommendation

offering various excuses for his non-compliance including that he was proceeding without the benefit of an attorney, was severely ill in August and September of 2011, and that his disability makes it difficult for him to "communicate, understand, learn, concentrate and meet deadlines." Ostrander also stated that when the Magistrate Judge instructed him to "fully answer", he "truly thought that this gave [him] the right to object to some of the defendant's requests." Defendant argues that dismissal is proper because plaintiff's non-compliance was willful, a lesser sanction would not be effective, the period of non-compliance extended for a long time, and plaintiff had ample warning that failure to comply may result in dismissal.

On the same day that plaintiff filed his objections to the Magistrate Judge's Report and Recommendation, plaintiff made a motion to appoint counsel. Shortly thereafter, Ostrander informed the Court that he was in discussions with an attorney who may agree to take his case. The Court then adjourned oral argument with respect to defendant's objections to allow him the opportunity to secure counsel. Ostrander was instructed to report to the Court as to whether counsel would appear on his behalf. Plaintiff then informed the Court that the attorney he had been corresponding with would not be taking his case. The Court scheduled a status conference with the parties and denied defendant's motion to appoint counsel.

Following denial of the motion to appoint counsel, the Court conducted a

5

number of status conferences with the parties, and Ostrander was given additional time to find counsel on his own. The Court then received a notice of appearance by attorney Scott Michael Lupiani on behalf of plaintiff. Plaintiff's attorney was provided an opportunity to supplement plaintiff's objections to the Report and Recommendation recommending dismissal of the complaint, at which time the Court considered the matter submitted. Pursuant to 28 U.S.C. §636(b)(1), this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections have been made.

## **DISCUSSION**

Courts are permitted to sanction litigants for failure to comply with court orders or directives. Federal Rule of Civil Procedure 37 states, in pertinent part, that "if any party fails to obey an order to provide or permit discovery...the Court where the action is pending may issue further just orders [including] dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v). The Second Circuit has cautioned that dismissal with prejudice is a "harsh remedy to be used only in extreme situations...and then only when the district court's decision is supported by clear evidence of misconduct and a high degree of specificity in the factual findings." *Koehl v. Greene*, 424 F. App'x 61, 62 (2d. Cir. 2011). While there is a preference in this Circuit for disputes to be resolved on their merits, "Rule 37 sanctions are applicable in extreme circumstances where a party fails to comply with the court's discovery orders willfully, in bad faith, or

through fault." *Robertson v. Dowbenko*, 443 F. App'x 659, 660 (2d. Cir. 2011). Rule 37 sanctions, including the most severe, may be imposed on a *pro se* plaintiff, "so long as a warning has been given that noncompliance can result." *Id*. at 660.

In evaluating whether dismissal is warranted under Rule 37, courts are instructed to consider the following factors: (1) the willfulness of the non-compliant party or the reason for non-compliance; (2) the duration of the period of non-compliance; (3) whether the non-compliant party has been warned of the consequences of non-compliance; and (4) the efficacy of lesser sanctions. *Agiwal v. Mid Is. Mortg. Corp.*, 555 F.3d 298, 302 (2d. Cir. 2009). The Court is in agreement with Magistrate Judge McCarthy that the duration of plaintiff's failure to comply with the Court's discovery orders over a six month period and the fact that plaintiff was warned of the consequences of continued non-compliance weigh in favor of sanctioning plaintiff pursuant to Federal Rule of Civil Procedure 37. However, the Court finds, after considering the reasons for plaintiff's non-compliance and the efficacy of lesser sanctions, that a sanction short of a complete dismissal of the action is more appropriate here.

In assessing whether non-compliance with discovery orders is willful, courts will consider whether: (1) the orders were clear; (2) the party being sanctioned understood the orders; and (3) the non-compliance with within the party's control. *Davidson v. Dean*, 204 F.R.D. 251, 255 (SDNY 2001)  *See*

*McDonald v. Head Criminal Court Supervisor Officer*, 850 F.2d 121, 124 (2d. Cir. 1988) ("All litigants, including *pro ses*, have an obligation to comply with court orders.")  Magistrate Judge McCarthy's discovery orders were certainly clear.  Further, it is apparent that, despite his *pro se* status and alleged disability, plaintiff understood the orders.  However, while plaintiff bears a significant portion of the responsibility in failing to timely and completely respond to the discovery requests, some factors outside of plaintiff's control appear to have contributed to the delay.  Indeed, plaintiff indicates that he experienced difficulties in receiving his file from his original attorney, and that he was severely ill in August and September of 2011.  In addition, while plaintiff's responses to the Magistrate Judge's orders have been poor at best, he has not completely ignored them.  Plaintiff did attempt to submit some, albeit incomplete responses, and plaintiff asserts that he had a good faith belief that he could respond by objecting to some of the demands.  That being said, plaintiff did miss a number of deadlines and ignored the Magistrate's directive that his objections were insufficient and that he needed to submit further responses.  Plaintiff's history of non-compliance weighs in favor imposing sanctions.  However, because of plaintiff's *pro se* status and his attempt to comply with at least some of the Magistrate Judge's orders, the Court will consider whether a sanction short of dismissal of the entire action is called for.  See *Momah v. Massena Memorial Hospital*, 1998 U.S. Dist. LEXIS 3476 (NDNY 1998) (district court determining the extreme sanction of dismissal not

warranted because the plaintiff made some attempt to comply with discovery requests, some of the lapses were the result of his *pro-se* status, and he subsequently retained an attorney who was able to help him respond adequately).

In considering the efficacy of lesser sanctions, the Court considers the damages sought by plaintiff in light of the nature of his non-compliance with the discovery orders.  In his complaint, plaintiff seeks back pay with prejudgment interest and other affirmative relief "necessary to eradicate the effects of [defendant's] unlawful employment practices", compensatory damages, punitive damages and attorneys fees.  Here, the material that plaintiff has repeatedly refused to provide includes his W-2 tax forms for 2009 and 2010 as well as all subsequent years, and all wage statements and other documents showing income to date for all sources for 2011.  Because plaintiff's refusal to provide these items is directly related to his claim for back pay, as well as any potential claim for front pay, the Court finds that the most appropriate sanction is to strike these claims.  *See Greenway v. Buffalo Hilton Hotel*, 951 F. Supp. 1039 (WDNY 1997) ("Front pay may be awarded in an employment discrimination case under the Americans with Disabilities Act where the calculation of a plaintiff's likely mitigated earnings and the income he would have earned, but for his unlawful termination, does not involve "undue speculation.")  This sanction is most appropriate because, as a result of plaintiff's failure to provide these documents,

9

defendant is prejudiced with respect to its assessment of these claims and any mitigation of damages.

The Court finds that striking plaintiff's demands for back pay and front pay, but allowing him to move forward with respect to his claims for other damages, will encourage plaintiff to work diligently to comply with future Court orders and ensure that defendant is not prejudiced by plaintiff's prior non-compliance. The Court finds, in light of all of the circumstances discussed herein, that this lesser sanction is more appropriate than outright dismissal of the case. *See Chira v. Lockhead Aircraft Corp.*, 634 F.2d 664 (2d. Cir. 1980) ("A district judge should employ [a sanction of dismissal] only when [he or she] is sure of the impotence of lesser sanctions."); *Santiago v. Johnson*, 2013 U.S. Dist. LEXIS 112645 (NDNY 2013) (the lack of any lesser sanctions prior to this motion to dismiss weighs against dismissal). Plaintiff is warned, however, that any future non-compliance with Court orders will likely result in dismissal of his complaint in its entirety, and with prejudice.

## **CONCLUSION**

For the foregoing reasons, Magistrate Judge McCarthy's Report and Recommendation is adopted in part and denied in part. Plaintiff will be sanctioned, pursuant to Federal Rule of Civil Procedure 37, for his failure to comply with the Magistrate Judge's discovery orders. However, in lieu of dismissing plaintiff's entire complaint, the Court strikes plaintiff's claims for front

pay and back pay.

The matter is referred back to Magistrate Judge McCarthy for further proceedings.


SO ORDERED.

                                                     ____*Richard J. Arcara*_____
                                                     HONORABLE RICHARD J. ARCARA
                                                     UNITED STATES DISTRICT COURT


Dated:   April 24, 2014